IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER FOUNTAIN,

   Plaintiff,

v.               Case No. 26-1037-JWB

A-OKAY ENTERPRISES, LLC, *et al*.,

   Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") that Plaintiff's claims be dismissed for failure to state a claim. (Doc. 6.) Plaintiff had fourteen days from service of the R&R to object. According to the tracking number, the mail was never delivered and it was returned to sender as unclaimed. (Doc. 7.) Therefore, despite the lack of an objection, this court will evaluate Plaintiff's claims on the merits. In so doing, the court finds Plaintiff has failed to state a claim and DISMISSES his complaint.

I.  **Facts**

The following facts come from Plaintiff's complaint (Doc. 1) and are taken as true. Christopher Fountain ("Plaintiff") alleges that Defendants A-Okay Enterprises, LLC ("A-Okay") and its owner Bruce Harris (collectively "Defendants") deprived him of his property "by deception and other unfair trade practices." (Doc. 1 at 3.) Specifically, Plaintiff contends that Defendants acquired over twenty thousand dollars' worth of his gold jewelry from a bail bondsman for approximately $4,000, having devalued the jewelry to obtain more for less. (Doc. 1-1 at 3.) Plaintiff brings these claims under a collection of federal statutes, including 28 U.S.C § 1337, 18 U.S.C §§ 1961–62 (the Racketeer Influenced and Corrupt Organizations Act ("RICO"); 18 U.S.C

1

§§ 2314–15 (the Interstate Transportation of Stolen Property Act ("Stolen Property Act"); 18 U.S.C § 894 (titled "the collection of extensions and credit by extortionate means"); and 18 U.S.C § 1956 (money laundering), along with a plethora of state law claims including unjust enrichment, conversion, intentional infliction of emotional distress ("IIED"), and fraud. (Doc. 1 at 3.)

As relief, Plaintiff seeks compensation for the full value of his gold jewelry, interest, compensatory damages, punitive damages of one million dollars, treble damages, legal fees, and a permanent injunction prohibiting Defendants from conducting any further business with him. (*Id*. at 4.) Plaintiff alleges this transaction occurred while he was confined in solitary confinement at the Sedgwick County Jail, where he claims he was starving, receiving no medical attention, and being tortured. Plaintiff attributes all this to a false arrest by the Wichita, Kansas police, which he acknowledges is the subject of an entirely separate federal lawsuit. (Doc. 1-1 at 3.)

Plaintiff's complaint also encompasses, with admirable scope, allegations of road rage by a group of individuals targeting him over a political sign, theft of gold and silver by Wichita police officers during a vehicle search, identity theft perpetrated through the websites Reddit.com and cdlScan.com, toxic mold exposure at a prior trucking job, and a criminal conspiracy between local law enforcement and various unnamed criminals to attack him. (*Id*. at 1–2.) He also references a separate lawsuit against an attorney who allegedly coerced him into a plea deal and separately notes that a bail bondsman's female associate informed him she intended to purchase other property using the proceeds from the sale of his jewelry. (*Id*. at 3.) The majority of Plaintiff's remaining allegations, much like those just described, bear no discernible connection to the claims asserted against the named Defendants in this action. Based on the foregoing, on February 12, 2026, Plaintiff filed this lawsuit. (Doc. 1.) Two weeks later, Magistrate Judge Brooks Severson entered an R&R recommending dismissal. (Doc. 6.)

## II.    Standard

R&R Standard of Review.  On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Failure to properly object leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

Rule 12(b)(6) Motion to Dismiss.  To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se Party.  Because Plaintiff proceeds pro se, the court is to liberally construe his filings.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  However, liberally construing filings does not mean adding factual allegations or constructing a legal theory on his behalf.  *Id*.

## III.    Analysis

With the exception of Plaintiff's RICO claim discussed below, Plaintiff asserts claims under four federal criminal statutes and one jurisdictional statute, none of which provides a private civil right of action.  (Doc. 1 at 3.)  Specifically, 18 U.S.C. §§ 894, 1956, 2314–2315 are all federal criminal statutes enforced by the Department of Justice that do not provide individuals a private

right of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[C]riminal statutes [ ] do not provide for a private right of action and are thus not enforceable through a civil action."). In addition, 28 U.S.C. § 1337 is a purely jurisdictional statute that confers federal subject matter jurisdiction over commerce-related claims; it does not independently create any cause of action. Accordingly, Plaintiff fails to state a claim under any of these statutes, and they are dismissed.

Plaintiff's remaining federal claim arises under the RICO Act, 18 U.S.C. §§ 1961–62. (Doc. 1 at 3.)  The RICO Act provides a private right of action for individuals who have been harmed by an enterprise that violates the RICO statutes. *Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014).  To adequately plead this right of action, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id*. (quoting *Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496 (1985)).  Racketeering activity "include[s] a host of so-called predicate acts," and Plaintiff must establish "at least two acts of racketeering activity" within a ten-year period to establish a "pattern."  18 U.S.C. § 1961(5).

Plaintiff's RICO claim fails on two independent grounds.  First, Plaintiff has not alleged a "pattern of racketeering activity."  The complaint identifies a single transaction—Defendants' acquisition of his jewelry from a bail bondsman—and does not allege that Defendants engaged in at least two predicate acts of racketeering within a ten-year period, as required.  (Doc. 6 at 6.) Second, as correctly pointed out by the magistrate judge, Plaintiff has failed to adequately allege the existence of a RICO "enterprise" distinct from the RICO "person."  (*Id*. at 7.)  Rather than identifying separate entities, Plaintiff's complaint treats individual Defendant Bruce Harris and business Defendant A-Okay as one and the same, alleging that Harris is part of and associated with A-Okay rather than a person distinct from it.  Because a business entity acting through its agents cannot be both the RICO person and the RICO enterprise, Plaintiff's RICO claim also fails on this

4

basis. *See George v. Urban Settlement Servs.*, 833 F.3d 1242, 1249 (10th Cir. 2016); *Brannon v. Boatmen's First Nat'l Bank*, 153 F.3d 1144, 1146 (10th Cir. 1998). Accordingly, Plaintiff fails to state a claim under RICO and that claim is dismissed.

To the extent Plaintiff brings state law claims for unjust enrichment, conversion, intentional infliction of emotional distress, and fraud, the court declines to exercise supplemental jurisdiction over them. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Plaintiff's state law claims are therefore dismissed without prejudice.

## IV.    Conclusion

THEREFORE, Plaintiff's complaint (Doc. 1) is DISMISSED for failure to state a claim. This case is closed.

IT IS SO ORDERED. Dated this 11th day of May, 2026.

    s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE