**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHRISTOPHER FOUNTAIN,

     Plaintiff,

     v.

A-OK ENTERPRICES, LLC, *et al.*,

     Defendants.

Case No. 26-1037-JWB-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for the undersigned Magistrate Judge to recuse filed by *pro se*[1] Plaintiff Christopher Fountain.  (Doc. 10.)  For the reasons stated herein, the Court **DENIES** Plaintiff's motion for recusal of the undersigned.

Plaintiff filed this lawsuit on February 12, 2026, alleging claims against Defendants pursuant to federal statutes 28 U.S.C § 1337, 18 U.S.C §§1961 – 1962 (the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C §§ 2314 – 2315 (the Interstate Transportation of Stolen Property Act ("Stolen Property Act"), 18 U.S.C § 894 (titled "the collection of extensions and credit by extortionate means"), and 18 U.S.C § 1956 (money laundering).  (*See generally* Doc. 1.)  He also brought ancillary state court civil causes of action for unjust enrichment, conversion, intentional infliction of emotional distress, and fraud.  (*Id.*)

The undersigned Magistrate Judge issued a Report & Recommendation of Dismissal on February 24, 2026.  (Doc. 6.)  Therein, the undersigned recommended dismissal based on the fact that most of the federal statutes cited by Plaintiff do not provide private, civil causes of action and that Plaintiff's Complaint does not state a viable federal court cause of action for which relief may be

---

[1] Plaintiff proceeds *pro se*.  The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court does not, however, assume the role of advocate for the *pro se* litigant.  *Hall*, 935 F.2d at 1110.

granted under the federal RICO statute.  (*See generally id.*)  The District Court entered its Order

dismissing Plaintiff's Complaint on May 11, 2026.  (Doc. 8.)  Judgment was entered that same day

and the case was closed.  (Doc. 9.)

Plaintiff subsequently filed his motion for recusal of the undersigned (Doc. 10) and his

Notice of Appeal (Doc. 11) on May 14, 2026.  The appeal remains pending before the Tenth Circuit.

As a basis for the motion for Judge Severson to recuse, Plaintiffs make the general, unsupported

statement that the impartiality of the undersigned is in question.  (*Id.*)

The Court notes that judgment has been entered and this case is currently closed.  Although

there is a pending appeal, that is pending before the Tenth Circuit.  Nothing is pending in this case

in the District Court.  Simply stated, there is nothing from which the undersigned Magistrate Judge

may recuse herself.  *See TV Communs. Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1077, 1081 (D. Colo.

1991) (holding that a motion to recuse filed after the case had been dismissed "requests no relief

which can be granted.").  This motion should, therefore, be denied on procedural grounds.

Even if the Court were to find that the motion should be decided on its substantive merits,

Plaintiff has stated no valid basis for recusal.  The decision to recuse is committed to the sound

discretion of the court.  *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).  Recusal is appropriate

when a judge's impartiality may be reasonably questioned.  *See, e.g.*, 28 U.S.C. § 455; *see also* Hinman,

831 F.2d at 938.  There are two statutes that govern judicial recusal, 28 U.S.C. §§ 144 and 455.  *See*

*also Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005).  Under 28 U.S.C. § 144, the

moving party must submit an affidavit showing bias and prejudice.[2]  *Id.* at 959–60 (citing *Glass v.*

*Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial,

and identified by "'facts of time, place, persons, occasions, and circumstances.'"  *Id.* at 960 (quoting

---

[2] The Court notes that Plaintiff has not submitted the requisite affidavit.  Rather than deny the motion on such technical grounds, the Court will consider the motion – signed by Plaintiff – to satisfy the affidavit requirement.

*Hinman*, 831 F.2d at 937, 939).  Such facts would be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.  *Id.*

Under 28 U.S.C. § 455, a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," or "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(a) & (b)(1).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Here, Plaintiff has not established a valid basis for recusal.  Plaintiff presents very little discussion of his misgivings with the undersigned's handling of the case, as discussed above.  He simply indicates that "her repeated dismissal of Plaintiff's claims for 'failure to state a claim' without granting Plaintiff an opportunity to amend his complaint demonstrates bias against him."  (Doc. 10, at 3.)

The undersigned did not dismiss Plaintiff's case – "repeatedly" or otherwise.  Rather, the undersigned simply recommended to the District Judge that the case be dismissed.  The District Judge subsequently dismissed the case after evaluating Plaintiff's claims on the merits.  (Doc. 8.)  Further, Plaintiff had the opportunity to object to the recommendation of dismissal, but did not do so.[3]

As such, nothing in Plaintiff's motion to recuse (Doc. 10) warrants the recusal of the undersigned.  Simply stated, a judge "[d]isagreeing with a party is not a basis for recusal."  *Micheaux v. American Credit Acceptance*, No. 24-1102-DDC-BGS, 2025 WL 986968, *2 (D. Kan. April 2, 2025).

After considering the arguments presented by Plaintiff, the Court concludes that recusal

---

[3] The Court notes that although the recommendation was certified mailed to Plaintiff at the address he has on file with the Court, Plaintiff did not claim the mailing.  (Doc. 7; *see also* Doc. 8, at 1.)  Claiming certified mail from the Court is, however, the responsibility of Plaintiff, not the Court.

from this case is not appropriate.  As discussed above, the case remains closed; thus there is nothing from which the undersigned may recuse herself.  Further, the instances of alleged bias or prejudice by the undersigned Magistrate Judge arise from Plaintiff's confusion or perception of unfavorable rulings.  As discussed above, this does not bring the undersigned's impartiality into question. Plaintiff's motion for recusal of the undersigned Magistrate Judge (Doc. 10) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to recuse the undersigned Magistrate Judge (Doc. 10 ) is **DENIED**.

**IT IS SO ORDERED.**

Dated May 27, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge